UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
MARIA BOUGAI,                         )   No. C08-0624RSL
                                      )
                      Plaintiffs,     )
        v.                            )
                                      )   ORDER GRANTING PLAINTIFF'S
MICHAEL MUKASEY, Attorney General     )   MOTION FOR SUMMARY
of the United States, *et al.*,       )   JUDGMENT AND REMANDING
                                      )   TO UNITED STATES CITIZENSHIP
                      Defendants.     )   IMMIGRATION SERVICES
_____)

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion for Summary Judgment or Hearing in the Alternative." Dkt. # 4. In her motion, plaintiff requests that the Court grant her application for naturalization or schedule an evidentiary hearing to establish her eligibility for naturalization. As part of her motion, plaintiff submitted evidence showing that she meets the statutory and regulatory requirements for naturalization. Defendants oppose the entry of summary judgment and argue that the case should be remanded to the agency for adjudication now that the FBI has completed the background investigation. Dkt. # 5.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS

## II. DISCUSSION

**A. Background**

Plaintiff filed an N400 application for naturalization with the United States Citizenship and Immigration Services ("CIS") on May 11, 2005. CIS failed to adjudicate her application in a timely fashion, prompting plaintiff to seek judicial naturalization pursuant to 8 U.S.C. § 1447(b). On May 5, 2008, the Court ordered defendants to show cause why plaintiff should not be naturalized. Defendants were specifically instructed to state any reasons why plaintiff was not eligible for naturalization and to provide a proposed plan, if appropriate, for the prompt administrative adjudication of her application. Defendants' only response has been their motion to remand this matter with a promise to adjudicate plaintiff's application within sixty days.

**B. Analysis**

### 1. Jurisdiction under 8 U.S.C. § 1447(b)

Although primary naturalization authority is vested with the Secretary of the Department of Homeland Security (8 U.S.C. § 1421(a)), district courts have jurisdiction over the naturalization process in certain limited circumstances. Where, as here, CIS has failed to adjudicate an application for naturalization in a timely manner, the applicant may seek judicial naturalization under 8 U.S.C. § 1447(b). This Court therefore has jurisdiction over plaintiff's complaint. See Hovsepian v. United States, 359 F.3d 1144, 1164 (9th Cir. 2004) (holding "[s]ection 1447(b) allows the district court to obtain exclusive jurisdiction over those naturalization applications on which the INS fails to act within 120 days if the applicant properly invokes the court's authority."). In resolving this dispute, the Court may either adjudicate the application or remand the matter, with appropriate instructions, to CIS. 8 U.S.C. § 1447(b).

### 2. Motion for Summary Judgment

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324.

Plaintiff must show by a preponderance of the evidence that she meets all of the requirements for naturalization. See 8 U.S.C. § 316.2(b); see also Berenyi v. INS, 385 U.S. 630, 637 (1967) (citing United States v. Macintosh, 283 U.S. 605, 626 (1931) ("[I]t has been universally accepted that the burden is on the alien applicant to show his eligibility for citizenship in every respect" and doubts "'should be resolved in favor of the United States and against the claimant.'")). Based on the evidence in the record, including plaintiff's declaration and the available CIS documents, it appears that plaintiff satisfies the various requirements for naturalization set forth at 8 C.F.R, §§ 312.1, 312.2, 313.2, 315.2, and 316.2. According to defendants, plaintiff has also been subjected to a background investigation in conformance with 8 U.S.C. § 1446(a) and 8 C.F.R. § 335.1. Defendants' only response to plaintiff's motion for summary judgment is to state, in conclusory fashion, that plaintiff has failed to meet her burden of proof. Reply at 4 (Dkt. # 8). Defendants do not address the evidence presented by plaintiff or provide any contradictory evidence. Although defendants are now in full possession of all necessary information regarding plaintiff (including the results of the background investigation),

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS                -3-

they have not raised a genuine issue of material fact regarding her eligibility for naturalization.

### 3. Motion to Remand

Rather than respond to plaintiff's motion for summary judgment on its merits, defendants argue that this matter should be remanded to the agency because (1) CIS has specialized skills and experience in adjudicating naturalization applications and (2) the administrative process is more efficient than the judicial process. While it is clear that the Court could remand the case for adjudication (see 8 U.S.C. § 1447(b)), to do so in these circumstances would further delay the resolution of this matter for no apparent benefit. The issues are fully joined and ready to be decided by the Court. Defendants were twice called upon to present evidence, if any there be, that plaintiff is ineligible for naturalization. See Dkt. # 3 and #4. They have not done so and have offered no justification for their request for an additional sixty days in which to ponder plaintiff's application. The application was filed more than three years ago and, when defendants failed to act, plaintiff chose to pursue naturalization through the courts, as was her right under § 1447(b). Plaintiff's evidence of eligibility is uncontested: no specialized skill is needed to conclude that plaintiff's application for naturalization should be approved.[1]

---

[1] The cases cited by defendants in their reply (Dkt. # 8) do not compel a different result. In almost all of those cases, the applicant had not shown that he or she satisfied the requirements for naturalization and/or the procedural posture of the case would have made a finding of eligibility premature. For example, in Stepchuk v. Gonzales, 2006 WL 3361776 (W.D. Wash. Nov. 17, 2006), the Congressionally mandated background investigation had not been completed for two of the plaintiffs. Without confirmation that the applicants had not been convicted of certain criminal offenses, the Court was not in a position to determine whether the "good moral character" requirement was satisfied. Because the underlying facts had not yet been developed, the Court remanded plaintiffs' applications to CIS with instructions to adjudicate the N400 applications as quickly as possible once the background checks were completed. Because defendants have not identified any deficiencies in Ms. Bougai's evidentiary showing, a remand is not appropriate here.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
AND REMANDING TO USCIS                -4-

### III. CONCLUSION

For all of the foregoing reasons, "Plaintiff's Motion for Summary Judgment" (Dkt. # 4) is GRANTED and "Defendants' Motion to Remand" (Dkt. # 5) is GRANTED in part and DENIED in part. Plaintiff is eligible for naturalization and her application for that benefit is hereby approved. The United States Citizenship and Immigration Services shall schedule an oath ceremony for Ms. Bougai as soon as possible and, upon her taking the oath of allegiance to the United States, the CIS shall on the same day naturalize Ms. Bougai and issue to her a Certificate of Naturalization.

Dated this 19th day of August, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge