UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
MARIA BOUGAI,                       )    No. C08-0624RSL
                                    )
                Plaintiffs,         )
         v.                         )
                                    )    ORDER GRANTING PLAINTIFF'S
MICHAEL MUKASEY, Attorney General   )    MOTION FOR ATTORNEY'S FEES
of the United States, *et al.*,     )
                                    )
                Defendants.         )
_____)

## I. INTRODUCTION

This matter comes before the Court on plaintiff Maria Bougai's "Motion for Attorneys' Fees" under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. # 13. For the reasons set forth below, the Court grants in part plaintiff's motion.

## II. DISCUSSION

**A.  Background and Procedural History**

Plaintiff filed an N400 application for naturalization with the United States Citizenship and Immigration Services ("CIS") on May 11, 2005. CIS failed to adjudicate her application in a timely fashion, prompting plaintiff to seek judicial naturalization pursuant to 8 U.S.C. § 1447(b). On May 5, 2008, the Court ordered defendants to show cause why plaintiff should not be naturalized. Defendants were specifically instructed to state any reasons why plaintiff was not eligible for naturalization and to provide a proposed plan, if appropriate, for the

ORDER GRANTING PLAINTIFF'S MOTION
FOR ATTORNEY'S FEES

prompt administrative adjudication of her application. Defendants' only response was a motion to remand this matter with a promise to adjudicate plaintiff's application within sixty days. Plaintiff opposed defendant's request for a remand, but argued in the alternative that, if a remand were ordered, CIS should be required to immediately approve her application for naturalization. After noting that defendants failed to raise any genuine issue of material fact regarding plaintiff's eligibility for naturalization and failed to justify its request for sixty additional days in which to consider her application, the Court granted plaintiff's application and ordered CIS to schedule an oath ceremony and naturalize plaintiff as soon as possible. Dkt. # 10. Plaintiff now seeks reimbursement of fees and costs under the EAJA.

**B. Analysis**

Under the EAJA, a litigant who has brought a civil suit against the United States is entitled to attorney's fees and costs if: (1) she is the prevailing party in the matter; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. See 28 U.S.C. § 2412(d)(1)(A). Defendants have not challenged plaintiff's status as a "prevailing party" or the reasonableness of the fees and costs requested.

**1. Substantially justified**

Fees will not be awarded under the EAJA if the government shows that its litigating position was substantially justified or that special circumstances make the award unjust. 28 U.S.C. § 2412(d). "The EAJA defines the 'position of the United States' as not only its litigation position in the civil action, but also the government's action upon which the civil suit is based." United States v. Real Prop. at 2659 Roundhill Drive, 283 F.3d 1146, 1151 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(2)(D). The government bears the burden of showing that its position was substantially justified. Id. at 1151 n.7.

Defendants' litigation stance was unsatisfactory. Although their legal argument regarding remand was supportable, defendants failed to respond to the Court's order to show

cause, never addressed plaintiff's evidence of eligibility for naturalization, and demanded, without explanation, that CIS be given sixty days following remand to complete the adjudication. Defendants' pre-litigation conduct – namely their failure to act on plaintiff's application for almost three years – was even worse. Agencies are required to conclude matters presented to them within a "reasonable time" (5 U.S.C. § 555(b)) and the applicable regulations state that "[a] decision to grant or deny the application shall be made at the time of the initial examination or within 120-days after the date of the initial examination of the applicant for naturalization[.]" 8 C.F.R. 335.3(a). In the circumstances presented here, three years was not a reasonable amount of time in which to adjudicate plaintiff's application. Defendants have not offered any evidence that plaintiff was ineligible for naturalization, instead arguing that they had a duty to investigate before adjudicating her application. They have not, however, explained what they were doing between 2005 and 2008 to discharge this duty or why the investigation took so long. The agency action, or inaction, that necessitated this litigation was not reasonable.

Treating the "case as an inclusive whole, rather than as atomized line items," (Al-Harbi v. INS, 284 F.3d 1080, 1084-85 (9th Cir. 2002)), the Court finds that defendants' position toward plaintiff was not substantially justified. "Congress enacted the EAJA to ensure that individuals and organizations would not be deterred by the expense of unjustified governmental opposition from vindicating their fundamental rights in civil actions and in administrative proceedings." Abela v. Gustafson, 888 F.2d 1258, 1262 (9th Cir. 1989). Having been forced to file suit in order to have her naturalization application adjudicated, an award of fees and costs is justified under the EAJA.

### 2. Reasonable fees and costs

Plaintiff is entitled to a "reasonable" amount of fees. 28 U.S.C. § 2412(b). The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. at

1 § 2412(d)(2)(A)(ii). Although counsel for plaintiff charged more than the statutory rate, defendants have not challenged the reasonableness of the fees and costs requested. Because plaintiff needed specialized immigration law skills to pursue this action and obtain summary judgment, she is justified in seeking compensation at a higher, market rate

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiff's "Motion for Attorneys' Fees" (Dkt. # 13) in the amount of $19,897.[1]

Dated this 17th day of December, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Plaintiff's request for additional fees associated with her reply is denied. No reply was necessary where plaintiff had accurately anticipated defendants' argument in her motion.